IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF WISCONSIN

VALERIE THOMAS,

    Plaintiff,

STATE OF WISCONSIN
DEPARTMENT OF HEALTH SERVICES,

MEDICARE,

    Involuntary Plaintiffs,

v.

WALMART, INC.,
WAL-MART ASSOCIATES, INC.,
STANLEY BLACK AND DECKER, INC. AND
BLACK AND DECKER, INC.,

    Defendants.

Case No.: 22-CV-72-SCI

## JOINT RULE 26(F) REPORT

Plaintiff Valerie Thomas, by her attorneys, Eisenberg, Riley & Zimmerman, S.C.; Defendants Walmart, Inc. and Wal-Mart Associates, Inc., by their attorneys MWH Law Group LLP; and Defendants Stanley Black and Decker, Inc. and Black and Decker, Inc., by their attorneys Crivello Carlson, respectfully submit the following report pursuant to Fed. R. Civ. P. 26(f), pursuant to the Court's March 2, 2022 Order.

    a) **Nature of the Case.** The above-captioned matter is a civil action in which Plaintiff seeks to recover damages for an incident where she claims her foot was caught in an automatic door on November 5, 2018 at the Walmart store located at 6300 W. Brown Deer Road, Brown Deer, Wisconsin, and for which she alleges Defendants are liable. Plaintiff claims Defendants were

1

negligent and/or violated the Wisconsin Safe Place statute. Defendants have denied the allegations and asserted various affirmative defenses.

Plaintiff is seeking damages for past pain, suffering, and disability; future pain, suffering, and disability; past medical and treatment expense; future medical and treatment expense and loss of income and earning capacity. Defendants have denied that Plaintiff is entitled to any remedy.

The State of Wisconsin Department of Health Services and Medicare are named as Involuntary Plaintiffs. Upon information and belief, the State of Wisconsin Department of Health Services and/or Medicare paid health claims on behalf of Plaintiff Valerie Thomas for medical care and services rendered as a result of the incident in question.

b) **Statutory Basis for Jurisdiction and Venue.** This case was removed from Milwaukee County Circuit Court to the United States District Court for the Eastern District of Wisconsin – Milwaukee Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The United States District Court has original jurisdiction over the litigation filed in state court based on diversity of the parties, and an amount in controversy that is allegedly greater than $75,000. There are no issues as to the jurisdiction or venue.

c) **Amendment to the Pleadings and Additional Parties.** After further investigation of the claims asserted in the Complaint, amendment to the pleadings and/or third-party complaints and/or crossclaims may be necessary. The parties request sixty (60) days to file any pleading amendments, add any parties, and/or file any third party complaints and/or crossclaims without leave of the Court.

d) **Possibility of Prompt Resolution or Settlement.** The Parties have not explored the possibility of settlement at this juncture. The Parties will consider mediation after discovery has been conducted.

e) **Initial Disclosures Under Rule 26(a).** The Parties will exchange initial disclosures on or before April 11, 2022. The Parties do not anticipate changing the timing, form or requirement for disclosures under Rule 26(a).

f) **Length of Trial.** At this point the parties' best estimate of the length of the trial will be 2-3 trial days.

g) **Electronic Discovery.** The Parties will meet and confer to agree upon terms for the disclosure of any Electronically Stored Information prior to the production of any such information.

h) **Preserving Discoverable Information.** The Parties agree to make any and all necessary efforts to preserve all discoverable information. To the extent necessary, the Parties will discuss and jointly agree to a Protective Order governing the confidentiality, disclosure, use, and disposal of information exchanged between the Parties during the course of discovery.

i) **Orders.** The Parties do not contemplate any additional orders that should be entered by the Court under Federal Rules 16(b)-(c) or 26(c), other than the Scheduling Order and the Protective Order mentioned above. Motions made in the normal course of litigation pursuant to the Court's Orders, the Federal Rules of Civil Procedure, and the Local Rules may be filed as the case dictates.

j) **Change to Limitations on Discovery Imposed by Federal Rules.** The parties do not anticipate any changes to the limitations on discovery provided by the federal rules.

k) **Dispositive Motions.** The parties reserve the right to file dispositive motions with respect to some or all of the claims asserted in the Complaint and/or the affirmative defenses.

l) **Proposed Scheduling Order.** The Parties propose the following scheduling order in this case:

1. Discovery will be needed with respect to all matters relating to Plaintiff's claims, as well as the defenses asserted by Defendants. The parties believe that discovery should take fourteen (14) months. Discovery need not be conducted in phases nor limited to, or focused upon, a particular issue.
2. Plaintiff to disclose expert witnesses with reports, as required by Rule 26, by July 22, 2022.
3. Defendant to disclose expert witnesses with reports, as required by Rule 26, as it relates to Plaintiff's claims, by October 21, 2022.
4. All discovery to be completed by April 7, 2023.
5. Dispositive motions to be filed within thirty (30) days of completion of discovery.

m) **Electronic Service.** The parties confirm that documents filed through the Court's ECF system are served by ECF notification, except to Plaintiff's counsel, who will be notified by electronic means, as set forth in Fed. R. Civ. P. 5(b)(2)(E), and that such service shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

n) **Statement of the Parties Conferring.** The Parties have conferred by email and collaborated on the preparation of this Report, regarding the Court's Notice of Rule 16 Scheduling Conference.

**Plaintiff Valerie Thomas**

Dated this 11th day of March, 2022.

By: */s/ Electronically signed by Christopher L. Zimmerman*
**Eisenberg, Riley & Zimmerman, S.C.**
Christopher L. Zimmerman
2228 West Wells Street
Milwaukee, WI 53233
*jkr@erzclaw.com*
*clz@erzclaw.com*


**Defendants Walmart, Inc and Wal-Mart Associates, Inc.**

Dated this 11th day of March, 2022.

By: */s/ Electronically signed by Carlos R. Pastrana*
**MWH Law Group LLP**
Carlos R. Pastrana
735 N. Water Street, Suite 610
Milwaukee, WI 53202
Telephone: (414) 436-0353
Facsimile: (414) 436-0354
*carlos.pastrana@mwhlawgroup.com*


**Defendants Stanley Black and Decker, Inc. and Decker, Inc.**


Dated this 11th day of March, 2022.

By: */s/ Electronically signed by Donald H. Carlson*
Donald H. Carlson
**Crivello Carlson**
SBN 1011273
710 N. Plankinton Ave. #500
Milwaukee, WI 53203
*DCarlson@CrivelloCarlson.com*